CAMUTI LAW GROUP APC
Nathan B. Camuti, CA Bar No. 300568
33 Brookline
Aliso Viejo, CA 92656
Telephone: (949) 716-5565
Email: nate@camutilaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KARINA RABIN, an individual; JARED RABIN, an individual; and Hang-O-Matic, a partnership;<br><br>    Plaintiff,<br><br>vs.<br><br>HANGMAN PRODUCTS, INC., a California Corporation; and DOES 1 through 25, inclusive;<br><br>    Defendants. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br>1. **COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 501;**<br>2. **FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B); and**<br>3. **UNFAIR COMPETITION UNDER Cal. Bus. & Prof. Code §§ 17200 et al.**<br><br>**DEMAND FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD HEREIN:**

Plaintiffs, JARED RABIN, an individual, KARINA RABIN, an individual, and Hang-O-Matic, a partnership (individually JARED, KARINA, HANG-O-MATIC, or collectively PLAINTIFFS), by and through their undersigned counsel, complain against the above-named Defendants, HANGMAN PRODUCTS, INC., a California Corporation (HANGMAN or DEFENDANT), and DOES 1 through 25, inclusive, and all named Defendants for general, compensatory, punitive, exemplary, and statutory damages, attorneys' fees and costs, and injunctive relief, resulting from DEFENDANTS' unlawful and tortious conduct, and allege as follows:

## PARTIES

1. PLAINTIFF KARINA is an individual residing in Highlands Ranch, Colorado 80126.

2. PLAINTIFF JARED is an individual residing in Highlands Ranch, Colorado 80126.

3. HANG-O-MATIC is a partnership formed in California with a principal place of business in Highlands Ranch, Colorado 80126.

4. PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT is a corporation formed under and pursuant to the laws of the State of California having a principal place of business at 685 East Cochran Street #180A, Simi Valley, California 93065.

5. PLAINTIFFS do not presently know the true names and capacities of the Defendants sued herein as DOES 1 through 25, inclusive. PLAINTIFFS will seek leave of the court to amend this Complaint to allege said DEFENDANTS' true names and capacities

when ascertained.

## JURISDICTION AND VENUE

6. This action arises under the federal copyright statute, 17 U.S.C. §101 et seq., federal trademark statute (the "Lanham Act"), 15 U.S.C. §1051 et seq., and under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the federal copyright and false advertising claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338, and 1367. This Court has pendent jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

7. Venue is proper in this judicial district under 28 U.S.C. § 1400(a) because this is the judicial district in which the DEFENDANT resides or may be found, and the district in which its agent resides or may be found.

## FACTUAL ALLEGATIONS

8. In or around 2012, KARINA and JARED formed HANG-O-MATIC to distribute and sell the Hang-O-Matic, an all-in-one picture hanging tool.

9. In or around July 2013, HANG-O-MATIC began marketing and selling the Hang-O-Matic all-in-one picture hanging tool.

10. In or around March 2014, KARINA and JARED met Mr. Kumetz in person and discussed licensing their Hang-O-Matic product to Mr. Kumetz. Mr. Kumetz is the Chief Executive Officer and a Director of DEFENDANT Hangman Products, Inc.

11. In or around June 2016, PLAINTIFFS hired a designer to create a work-for-hire design for the packaging of their Hang-O-Matic product. The packaging includes a four-step process for using the product with each step illustrated by photographs. The last step is

illustrated by a photograph depicting JARED hanging a picture on a wall.

12. JARED registered the copyright in the product packaging with the copyright office on August 28, 2017. The copyright registration number is TX0008454936.

13. In or around June 2017, KARINA changed the Hang-O-Matic website to include the new packaging for the Hang-O-Matic product and the three-step process for using the Hang-O-Matic tool.

14. KARINA registered the copyright in the website design with the copyright office on August 28, 2017. The copyright registration number is TX0008456353.

15. JARED's registered copyright is a valid and subsisting copyright in full force and effect.

16. KARINA's registered copyright is a valid and subsisting copyright in full force and effect.

17. On or around April 27, 2018, KARINA and JARED met with Michael Van Horst, inventor of a picture hanging machine, at MTCEXPO, a media, technology, and commerce tradeshow, in San Diego, California.

18. Following their meeting with Mr. Van Horst, PLAINTIFFS offered to license Mr. Van Horst's picture hanging invention. Mr. Van Horst declined the offer.

19. PLAINTIFFS are informed and believe, and on that basis allege, that HANGMAN licensed Mr. Van Horst's picture hanging invention in or around October 2018.

20. PLAINTIFFS are informed and believe, and on that basis allege, that HANGMAN sells Mr. Van Horst's invention as their product, Push & Hang.

21. PLAINTIFFS are informed and believe, and on that basis allege, HANGMAN began selling the Push & Hang device in or around January 2019.

22. PLAINTIFFS are informed and believe, and on that basis allege, that Mr. Van Horst is a spokesperson and representative of HANGMAN and has appeared to sell the Push & Hang device on behalf of HANGMAN on numerous occasions.

23. PLAINTIFFS are informed and believe, and on that basis allege, that Mr. Van Horst promotes the Push & Hang device on his personal social media accounts, including, at least, his Facebook account, https://www.facebook.com/mike.vanhorst, and his LinkedIn account, https://www.linkedin.com/in/mike-van-horst-563868162/.

24. HANGMAN's Push & Hang product is a direct competitor to HANG-O-MATIC's Hang-O-Matic product.

25. The packaging for HANGMAN's Push & Hang includes instructions for a three-step process for using the product with each step illustrated by a photograph.

26. The third step of HANGMAN's three-step process is shown on HANGMAN's packaging by PLAINTIFFS' photograph of JARED hanging a picture on a wall. The same photograph that appears on HANGMAN's product packaging.

27. In or around January 2020, KARINA and JARED became aware that HANGMAN's Push & Hang product with the infringing packaging was being sold in at various retailers.

28. DEFENDANT's packaging is an unauthorized reproduction of KARINA's registered copyright.

29. DEFENDANT's packaging is an unauthorized reproduction of JARED's registered copyright.

30. DEFENDANT's packaging is an unauthorized derivative work based on KARINA's registered copyright.

31. DEFENDANT's packaging is an unauthorized derivative work based on JARED's registered copyright.

32. DEFENDANT has sold and is selling Push & Hang products with infringing packaging to various retailers in the United States.

33. DEFENDANT has sold and is distributing and selling the Push & Hang product with infringing packaging to consumers through retailers including, but not limited to, Walmart, QVC, and the Home Shopping Network (HSN).

34. DEFENDANT has sold and is selling the Push & Hang product with infringing packaging direct to consumers through online ecommerce platforms including, but not limited to, Amazon.com.

35. DEFENDANT displayed the infringing Push & Hang product with infringing packaging on its website located at www.hangmanproducts.com.

36. DEFENDANT caused its Push & Hang products with infringing packaging to be displayed publicly at various retailers in the United States.

37. On or about March 23, 2020, KARINA and JARED, by and through counsel, sent DEFENDANT a cease and desist letter informing DEFENDANT of their infringing activities. PLAINTIFFS Demanded DEFENDANT immediately cease and desist its infringing activities and provide an accounting for its infringing activities.

38. DEFENDANT did not cease and desist its infringing activities. DEFENDANT's agent, Mr. Van Horst, continues to post about infringing activities on social media accounts, including, at least, Facebook.

39. DEFENDANT willfully blinded itself to KARINA and JARED's notification of its infringing activities and ignored KARINA and JARED's cease and desist letter.

# FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT OF JARED'S COPYRIGHTED WORK UNDER 17 U.S.C. §501

40. JARED owns the exclusive rights in the registered copyright for the Hang-O-Matic packaging. The Hang-O-Matic packaging includes a prominent photograph depicting JARED hanging a picture on a wall. The copyright registration number is TX0008454936.

41. PLAINTIFFS are informed and believe, and on that basis allege, DEFENDANT manufactures, imports, and sells the picture hanging product Push & Hang.

42. DEFENDANT's Push & Hang packaging includes the same photograph of JARED that the Hang-O-Matic packaging shows. The photograph of JARED is prominently placed on the packaging.

43. The Push & Hang packaging is an unauthorized derivative work of JARED's copyrighted work.

44. Each Push & Hang package is an unauthorized reproduction of JARED's copyrighted work.

45. DEFENDANT has publicly displayed the infringing Push & Hang packaging.

46. DEFENDANT has caused the infringing Push & Hang packaging to be publicly displayed in various retailers in the United States.

47. DEFENDANT has sold the infringing Push & Hang packaging.

48. DEFENDANT's actions are copyright infringement

violation of 17 U.S.C. §§ 106 and 501.

49. PLAINTIFFS are informed and believe, and on that basis allege, that Steve Kumetz is the CEO and a Director of DEFENDANT. In that capacity, Mr. Kumetz is aware of the infringing Push & Hang packaging.

50. PLAINTIFFS are informed and believe, and on that basis allege, Mr. Kumetz has met and interacted with JARED. Mr. Kumetz knows that JARED is an owner of DEFENDANT's competitor, HANG-O-MATIC.

51. DEFENDANT willfully infringed JARED's copyrighted work.

52. DEFENDANT continues selling the infringing Push & Hang packaging.

53. The injuries and damages sustained by DEFENDANT have been directly and proximately caused by DEFENDANT's unauthorized derivative work, reproduction, sale, public display of JARED's copyrighted work.

54. PLAINTIFFS are entitled to actual damages and DEFENDANT'S profits or statutory damages under 17 U.S.C. § 504.

55. PLAINTIFFS are entitled to attorney's fees under 17 U.S.C. §§ 412 and 505.

## SECOND CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT OF JARED'S COPYRIGHTED WORK UNDER 17 U.S.C. §501

56. KARINA owns the exclusive rights in the registered copyright for the Hang-O-Matic website. The Hang-O-Matic website includes a prominent photograph depicting JARED hanging a picture on a wall. The copyright registration number is TX0008456353.

57. PLAINTIFFS are informed and believe, and on that basis allege, DEFENDANT manufactures, imports, and sells the picture hanging product Push & Hang.

58. DEFENDANT's Push & Hang packaging includes the same photograph of JARED that the Hang-O-Matic packaging shows. The photograph of JARED is prominently placed on the packaging.

59. The Push & Hang packaging is an unauthorized derivative work of KARINA's copyrighted work.

60. Each Push & Hang package is an unauthorized reproduction of KARINA's copyrighted work.

61. DEFENDANT has publicly displayed the infringing Push & Hang packaging.

62. DEFENDANT has caused the infringing Push & Hang packaging to be publicly displayed in various retailers in the United States.

63. DEFENDANT continues selling the infringing Push & Hang packaging.

64. DEFENDANT's actions are copyright infringement in violation of 17 U.S.C. §§ 106 and 501.

65. PLAINTIFFS are informed and believe, and on that basis allege, that Steve Kumetz is the CEO and a Director of DEFENDANT. In that capacity, Mr. Kumetz is aware of the infringing Push & Hang packaging.

66. PLAINTIFFS are informed and believe, and on that basis allege, Mr. Kumetz has met and interacted with JARED. Mr. Kumetz knows that JARED is an owner of DEFENDANT's competitor, HANG-O-MATIC.

67. DEFENDANT willfully infringed and continues to infringe

1  KARINA's copyrighted work.

2  68. DEFENDANT continues selling the infringing Push & Hang
3  packaging.

4  69. The injuries and damages sustained by DEFENDANT have
5  been directly and proximately caused by DEFENDANT's unauthorized
6  derivative work, reproduction, sale, public display of KARINA's
7  copyrighted work.

8  70. PLAINTIFFS are entitled to actual damages and
9  DEFENDANT'S profits or statutory damages under 17 U.S.C. § 504.

10  71. PLAINTIFFS are entitled to attorney's fees under 17 U.S.C.
11  §§ 412 and 505.

## THIRD CLAIM FOR RELIEF

## FALSE ADVERTISING UNDER 15 U.S.C. §1125(a)(1)(B)

14  72. Plaintiff hereby incorporates the allegations set forth in the
15  foregoing paragraphs as if fully set forth herein.

16  73. JARED owns the exclusive right JARED owns the exclusive
17  right the copyrighted work embodied in the Hang-O-Matic packaging.

18  74. JARED's copyright is registered and is valid and subsisting
19  copyright in full force and effect.

20  75. DEFENDANT's use of JARED's image and copyrighted
21  work in connection with the sale, offering for sale, provision, and
22  advertising of DEFENDANT's product is a false designation of origin or
23  a false or misleading representation of fact. DEFENDANT's use of
24  JARED's image and copyrighted work in commercial advertising or
25  promotion, misrepresents the nature, characteristics, qualities, or
26  geographic origin of DEFENDANT's services or commercial activities.
27  This false representation has been made in interstate commerce
28  through, at least, DEFENDANT's online marketing and interstate

1 sales. This conduct is in violation of 15 U.S.C. § 1125(a).

2     76.    DEFENDANT's actions constitute knowing, deliberate, and willful infringement of JARED's registered copyrighted work. The knowing and intentional nature of DEFENDANT's conduct reflected in this Complaint renders it exceptional under 15 U.S.C. § 1117(a).

    77.    As a result of DEFENDANT's infringement, HANG-O-MATIC has suffered damages, as well as the continuing loss of goodwill. The continuing loss of goodwill cannot properly be calculated and thus constitutes an irreparable harm and an injury for which HANG-O-MATIC has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
**UNFAIR COMPETITION UNDER Cal. Bus. & Prof. Code § 17200**

    78.    Plaintiff hereby incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

    79.    DEFENDANT's unauthorized derivative work, reproduction, sale, public display of JARED's copyrighted work amount to copyright infringement. Copyright infringement amounts to unfair, unlawful, and/or fraudulent conduct.

    80.    DEFENDANT's conduct has caused PLAINTIFFS to lose revenue in the form of lost profits.

    81.    PLAINTIFFS have suffered an injury in fact and has lost money and property as a direct and foreseeable result of DEFENDANT's unlawful and/or unfair conduct in violation of Cal. Bus. and Prof. Code § 17200.

    82.    DEFENDANT's conduct was and is willful.

    83.    DEFENDANT's acts are egregious and have caused PLAINTIFFS unjust hardship so as to justify an award of exemplary and punitive damages. Accordingly, punitive damages should be

awarded against DEFENDANT to punish them and deter them and other such persons from committing such willful, wrongful, and malicious acts in the future.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for relief as follows:

1. A judgment that DEFENDANT has infringed JARED's registered copyright;

2. A judgment that DEFENDANT has infringed KARINA's registered copyright.

3. A preliminary and permanent injunction enjoining DEFENDANT and its agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with DEFENDANT, and its parent organizations, subsidiaries, divisions, successors and assigns, and any person having knowledge of such injunction from:

    a. further infringing any of KARINA or JARED's copyrights by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying, or otherwise disposing of any goods not authorized by KARINA or JARED that include any derivative works or reproductions of KARINA or JARED's copyrighted works;

    b. engaging in any conduct constituting an infringement of KARINA or JARED's copyrighted works;

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) or (b);

4. An order directing that this Court retain jurisdiction of this

action for the purpose of enabling PLAINTIFFS to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof;

5. An Order directing DEFENDANT to file with this Court and serve on PLAINTIFFS' counsel within 30 days after service of an injunction a report under oath setting forth in detail the manner and form in which DEFENDANT has complied with the injunction, pursuant to 17 U.S.C. § 502;

6. An order directing DEFENDANT to recall and destroy any remaining infringing items;

7. A judgment awarding PLAINTIFFS all damages adequate to compensate for DEFENDANT's infringement of the KARINA's or JARED's copyrighted works;

8. An accounting of DEFENDANT's profits pursuant to 17 U.S.C. § 504;

9. An accounting of DEFENDANT's profits pursuant to 15 U.S.C. § 1117;

10. A judgment trebling any damages awarded pursuant to 15 U.S.C. § 1117;

11. A judgment awarding PLAINTIFFS damages suffered by PLAINTIFFS as a result of DEFENDANT's unlawful conduct, in an amount not less than $300,000;

12. A judgment awarding PLAINTIFFS punitive damages;

13. Restitution for DEFENDANT's unjust enrichment as a result of the conduct complained of herein, including disgorgement of wrongfully obtained profits and any other appropriate relief;

14. Pre-judgment and post-judgment interest on the above damage awards as authorized by law;

15. Costs of suit and reasonable attorneys' fees as provided by law; and

16. Any other remedy to which PLAINTIFFS may be entitled, including all remedies provided for in 17 U.S.C. §§ 504 and 505, 15 U.S.C. § 1117, Business and Professions Code §§ 117200, and any other federal or California law.

Dated: August 6, 2020

**CAMUTI LAW GROUP APC**
NATHAN B. CAMUTI

/Nathan Camuti/
Nathan B. Camuti
Camuti Law Group APC
33 Brookline
Aliso Viejo, CA 92656
Telephone: (949) 716-5565

Attorney for Plaintiffs